*E-FILED - 2/25/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK SCHEURICH, | ) | No. C 09-1764 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER ALLOWING FURTHER |
| | ) | BRIEFING ON RESPONDENT'S |
| vs. | ) | MOTION TO DISMISS; |
| | ) | DENYING PETITIONER'S |
| | ) | MOTION TO STRIKE |
| BEN CURRY, Warden, | ) | |
| | ) | (Docket No. 7) |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2007 decision by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole. Respondent filed a motion to dismiss the petition as untimely. Petitioner filed an opposition and respondent filed a reply.

Liberally construed, petitioner's opposition appears to claim that he is entitled to equitable tolling which would make his petition timely under the AEDPA's statute of limitations. Specifically, petitioner states that although the superior court's order denying his habeas petition was file-stamped on August 6, 2007, he did not receive the order until July or August 2008. Thus, petitioner argues that he is entitled to equitable tolling from August 6, 2007 through the date on which he received notice of the denial.

A lengthy delay between the issuance of a necessary order and an inmate's receipt of it

might provide a basis for equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 997-98 (9th Cir. 2009); Drew v. Dep't. of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002); Miller v. Collins, 305 F.3d 491, 495 (6th Cir. 2002); Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001) (holding that a prisoner's lack of knowledge that the state courts have reached a final resolution of his case may provide grounds for equitable tolling if petitioner acted diligently); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (explaining that delay in receiving notice of denial of appeal may render equitable tolling appropriate).

Here, petitioner has failed to provide the court with sufficient information to determine whether he is entitled to equitable tolling. Given that petitioner is pro se, the court will afford him an opportunity to file a supplemental opposition and accompanying exhibits in support of his claim of equitable tolling. Specifically, in his supplemental opposition and attachments, petitioner must establish, "(1) on what date [petitioner] actually received notice; (2) whether [petitioner] acted diligently to obtain notice; and (3) whether the alleged delay of notice caused the untimeliness of his filing and made a timely filing impossible." Ramirez, 571 F.3d at 998 (citations omitted).

The Ninth Circuit has held that a petitioner does not "carry a burden of persuasion" at the time he asserts equitable tolling in opposition to a motion to dismiss; further factual development is "required." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (reversing grant of motion to dismiss because district court failed to "develop the record" in response to petitioner's claim of mental incompetency); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding with instructions for district court to develop facts concerning whether AEDPA materials were unavailable in the prison law library and determine the legal significance of such a finding). That is, it is the court's duty to develop the facts. In view of this, petitioner is afforded an opportunity to provide evidence covering the facts set out in his opposition.

Accordingly, in order to fully develop the record, the court orders petitioner to file a supplemental opposition to the pending motion to dismiss regarding his claim of equitable tolling. The court notes that any affidavit(s) or declaration(s) from petitioner regarding these facts must be filed under penalty of perjury. **Petitioner shall file, and serve a copy on**

1 | **respondent, a supplemental opposition and any supporting documentation <u>within twenty</u>**
2 | **<u>days</u> from the date of this order. Respondent shall file a reply brief and include any**
3 | **supporting evidence <u>within fifteen days</u> of the date of this order.**

Petitioner has also filed a motion to strike portions of respondent's reply. The motion is DENIED as unnecessary. The court will construe petitioner's motion as an objection to the portions pointed out by petitioner.

Petitioner is reminded that it is his responsibility to prosecute this case. Petitioner is further reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket number 7.

IT IS SO ORDERED.

Dated: 2/25/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge