1
2
3
4                                        ***E-FILED - 3/31/10***
5
6
7
8
9                       IN THE UNITED STATES DISTRICT COURT
10                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12  FRANK SCHEURICH,                    )      No. C 09-1764 RMW (PR)
                                        )
13                  Petitioner,         )      ORDER DENYING
                                        )      RESPONDENT'S MOTION TO
        vs.                             )      DISMISS; FURTHER
14                                      )      SCHEDULING ORDER
                                        )
15  BEN CURRY, Warden,                  )      (Docket No. 4)
                                        )
16                  Respondent.         )
    _____)
17

18       Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to

19  28 U.S.C. § 2254 challenging a 2007 decision by the California Board of Parole Hearings

20  ("Board") in finding him unsuitable for parole. Respondent filed a motion to dismiss the petition

21  as untimely. Petitioner filed an opposition and respondent filed a reply. On February 25, 2010,

22  the court ordered petitioner to file a supplemental opposition addressing his claim for equitable

23  tolling. On March 23, 2010, petitioner submitted his supplemental opposition. Based upon the

24  papers submitted, the court will DENY respondent's motion to dismiss.

25                              **BACKGROUND**[1]

26       On August 4, 1987, a jury in the Santa Clara County Superior Court convicted petitioner

27  _____

28       [1]This factual background is not disputed by the parties.

Order Denying Respondent's Motion to Dismiss; Further Scheduling Order
P:\PRO-SE\SJ.Rmw\HC.09\Scheurich764mtdtime.wpd

1  of conspiracy to commit first degree murder.  (Pet. at 2.)  He was sentenced to 25 years to life in

2  state prison.  (Id.)

3       On March 27, 2007, petitioner appeared before the Board for a parole suitability

4  determination.  That same day, the Board determined that petitioner was unsuitable for parole.

5  Petitioner challenged the Board's decision unsuccessfully in the state superior, appellate, and

6  supreme courts. Petitioner filed the instant federal petition on April 8, 2009.  See Houston v.

7  Lack, 487 U.S. 266, 276 (1988).

8  **DISCUSSION**

9       The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became

10  law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a

11  writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-

12  capital state convictions or sentences must be filed within one year of the latest of the date on

13  which:  (1) the judgment became final after the conclusion of direct review or the time passed for

14  seeking direct review; (2) an impediment to filing an application created by unconstitutional

15  state action was removed, if such action prevented petitioner from filing; (3) the constitutional

16  right asserted was recognized by the Supreme Court, if the right was newly recognized by the

17  Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of

18  the claim could have been discovered through the exercise of due diligence.  28 U.S.C. §

19  2244(d)(1).  Time during which a properly filed application for state post-conviction or other

20  collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

21       Section 2244's one-year limitation period applies to all habeas petitions filed by persons

22  in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent

23  administrative decision rather than a state court judgment.  See Shelby v. Bartlett, 391 F.3d 1061,

24  1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).  For prisoners challenging administrative

25  decisions such as the revocation of good time credits or the denial of parole, section

26  2244(d)(1)(D) applies and the one-year limitations period begins to run on the date the

27  administrative decision becomes final.  See Shelby, 391 F.3d at 1066 (limitation period began to

28  run the day after he received timely notice of the denial of his administrative appeal challenging

1  disciplinary decision).  The "factual predicate" of the habeas claims is the administrative appeal

2  board's denial of the administrative appeal; it is not the denial of the state habeas petition.  See

3  Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003).  Here, the date that the Board's decision

4  became final was July 25, 2007.  (Pet., Ex. D.)  The statute of limitations began running the next

5  day, July 26, 2007.  See Shelby, 391 F.3d at 1066.  Petitioner's federal habeas petition was due

6  on July 25, 2008, but petitioner filed his petition on April 8, 2009.  Thus, absent tolling, the

7  instant petition is untimely.

8      The one-year statute of limitations is tolled under section 2244(d)(2) for the "time during

9  which a properly filed application for State post-conviction or other collateral review with

10  respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  For example,

11  the statute remains tolled for state prisoners during the intervals between the issuance of a

12  decision in a state collateral proceeding and the filing of a petition seeking the next highest level

13  of state collateral review.  See Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999).  As applied

14  to California's post-conviction procedure, the Supreme Court held that the statute of limitations

15  is tolled from the time the first state habeas petition is filed until the California Supreme Court

16  rejects the petitioner's final collateral challenge.  Carey v. Saffold, 536 U.S. 214, 220, 223

17  (2002).

18      The circumstances under which a state petition will be deemed "pending" for purposes of

19  § 2244(d)(2) is a question of federal law.  Welch v. Carey, 350 F.3d 1079, 1080 (9th Cir. 2003)

20  (en banc).  The time between a lower court decision and a filing of a new petition in a higher

21  court is treated as time the petition is "pending" as long as the petitioner did not "unreasonably

22  delay" in seeking review.  Carey, 536 U.S. at 221-23.  Noting that six months is far longer than

23  the 30 to 60 days that most states provide for filing an appeal, the Supreme Court has held that

24  an unjustified or unexplained 6-month delay between post-conviction applications in California

25  is not "reasonable" and does not fall within Carey's definition of the term "pending."  Evans v.

26  Chavis, 546 U.S. 189, 197 (2006).

27      Here, petitioner filed a state habeas petition in superior court on June 27, 2007.  The

28  superior court denied it on August 6, 2007.  Petitioner next filed a state habeas petition in the

California Court of Appeal over one year later on August 29, 2008, which was denied on September 9, 2008.  Finally, petitioner filed a state habeas petition in California Supreme Court, which was denied on March 25, 2009.

Respondent contends, and the court agrees, that the time between the superior court denial and petitioner's subsequent filing in the California Court of Appeal was unreasonable and thus, petitioner is not entitled to statutory tolling between his superior court decision and appellate court petition.  See Evans, 546 U.S. at 197.  Petitioner is entitled to statutory tolling while his superior court petition was pending, however, which extended petitioner's deadline for filing a federal habeas petition to September 3, 2008.  See 28 U.S.C. § 2244(d)(2).  Even with this additional tolling, petitioner's federal petition is still untimely.  Thus, the court must decide whether equitable tolling saves the petition.

The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but Ninth Circuit authority holds that the one-year limitation period may be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Id. (citation and internal quotation marks omitted).

The petitioner must establish two elements in order to be granted equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419).  That is, the prisoner must show that the "'extraordinary circumstances' were the cause of his untimeliness," and that he used reasonable diligence in pursuing the matter after the extraordinary circumstances had begun.  Spitsyn v. Moore, 345 F.3d 796, 799, 802 (9th Cir. 2003) (citations omitted).  Failure to do so breaks the chain of causation.  Id.  Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to

1    equitable tolling and his inability to timely file a federal habeas application, the equitable tolling

2    claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

3            A lengthy delay between the issuance of a necessary order and an inmate's receipt of it

4    might provide a basis for equitable tolling.  See Ramirez v. Yates, 571 F.3d 993, 997-98 (9th Cir.

5    2009); Drew v. Dep't. of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002); Miller v. Collins, 305

6    F.3d 491, 495 (6th Cir. 2002); Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001)

7    (holding that a prisoner's lack of knowledge that the state courts have reached a final resolution

8    of his case may provide grounds for equitable tolling if petitioner acted diligently); Phillips v.

9    Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (explaining that delay in receiving notice of denial

10   of appeal may render equitable tolling appropriate).  Factors to consider in determining whether

11   a petitioner is entitled to equitable tolling include:  "(1) on what date [petitioner] actually

12   received notice; (2) whether [petitioner] acted diligently to obtain notice; and (3) whether the

13   alleged delay of notice caused the untimeliness of his filing and made a timely filing

14   impossible."  Ramirez, 571 F.3d at 998 (citations omitted).

15           Petitioner alleges that he did not receive the superior court's order denying his state

16   habeas petition until August 2008 and that he requested several status checks while waiting to

17   receive notice of the decision.  Petitioner attaches to his petition a copy of the superior court

18   denial that is filed-stamped August 6, 2007, and signed by the judge on August 3, 2007.  (Opp. at

19   2, Ex. 2.)  However the "2007" has been crossed out in ink, and replaced with a "2008."  (Id.)

20   Petitioner claims that the "corrected" decision is the one that he received in 2008.  Respondent

21   argues that petitioner is not entitled to equitable tolling.  Respondent provides confirmation via

22   the superior court that the 2007 date is in fact, the correct date of the decision, and also a proof of

23   service demonstrating that the superior court mailed out a copy of its order to petitioner on

24   August 6, 2007, the date the order was filed.  (Reply at 2, Ex. B.)

25           Regardless of when the superior court filed the order and sent it to petitioner, petitioner

26   has averred under penalty of perjury that he did not receive the order -- for whatever reason --

27   until August 2008.  He also attached his prison mail log of outgoing mail, which corresponds

28   with petitioner's allegations that between the time that he sent his state habeas petition to the

1    superior court on July 25, 2007, he sent two more pieces of mail -- presumably his requests for a

2    status check -- to the superior court on September 10, 2007 and August 11, 2008.  As the Sixth

3    Circuit has noted, "From a litigant's perspective, it is a difficult, if not impossible endeavor, to

4    estimate how long a reviewing court will take to decide a particular motion." Miller, 305 F.3d at

5    496.  After receiving notice of his denial in August 2008, petitioner filed a state habeas petition

6    that same month to the California Court of Appeal.  The court concludes that two inquiries over

7    the course of one year to check on the status of his state habeas petition, in addition to filing

8    habeas petitions within one month of each denial demonstrate that petitioner was acting

9    diligently.  In sum, based on the facts presented to the court, petitioner has demonstrated that he

10   was diligently pursuing his rights and the lengthy delay in receiving the notice of the superior

11   court's denial was an extraordinary circumstance that stood in his way of filing his federal

12   petition on time.  See Rasberry, 448 F.3d at 1153.

13        Accordingly, the court concludes that petitioner is entitled to equitable tolling through

14   August 2008, and thus, the respondent's motion to dismiss is DENIED.

15                                        **CONCLUSION**

16        Respondent's motion to dismiss the petition (docket no. 4) is DENIED.

17        Respondent shall file with the court and serve on petitioner, within **ninety days** of the

18   date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

19   Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

20   Respondent shall file with the answer and serve on petitioner a copy of all portions of the

21   underlying state criminal record that have been transcribed previously and that are relevant to a

22   determination of the issues presented by the petition.  If petitioner wishes to respond to the

23   answer, he shall do so by filing a traverse with the court and serving it on respondent within

24   **thirty days** of the date the answer is filed.

25        Alternatively, respondent may file a motion to dismiss on procedural grounds in lieu of

26   an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

27   Section 2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a

28   motion, petitioner shall file with the court and serve on respondent an opposition or statement of

non-opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket no. 4.

IT IS SO ORDERED.

Dated:   3/31/10

_Ronald M. Whyte_

RONALD M. WHYTE
United States District Judge