*E-FILED - 2/16/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK SCHEURICH, | ) | No. C 09-1764 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |
| vs. | ) ) ) | |
| BEN CURRY, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities. Petitioner has responded with a traverse. For the reasons set forth below, the petition for a writ of habeas corpus is DENIED.

**BACKGROUND**

According to the petition, in 1987, petitioner was found guilty of conspiracy to commit first degree murder, and was sentenced to a term of 25 years-to-life in state prison. On March 27, 2007, petitioner was denied parole.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El, 537 U.S. at 340. The court must

presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  <u>See</u> 28 U.S.C. § 2254(e)(1).

**B.     Petitioner's Claims**

As grounds for federal habeas relief petitioner claims: (1) he has a liberty interest in parole protected by due process; (2) the denial of parole violated his state and federal rights to equal protection and due process because the Board of Parole Hearings ("Board") applied the incorrect "some evidence" standard; (3) the denial of parole violated his state and federal rights to equal protection and due process because it was not based on "some evidence;" (4) the denial of parole violated his state and federal rights to equal protection and due process because it was based on "unchanging factors;" and (5) the Board violated his right to equal protection by affording other similarly-situated prisoners a parole release date while denying a release date to petitioner.

       1.     <u>Due Process Claims</u>

As to petitioner's due process claims, the Supreme Court has recently made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution.  <u>Swarthout v. Cooke</u>, No. 10-333, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam).  Specifically, this court's inquiry is limited to whether petitioner was given an opportunity to be heard, and given a statement of reasons for the denial.  <u>Id.</u> at *2, citing <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979).  Because petitioner does not contend that he was denied either of these, and the court's review of the record indicates that in fact he was afforded both, his due process claims are without merit.

       2.     <u>Equal Protection Claims</u>

Petitioner contends that the denial of parole violated his right to equal protection because he is being treated differently than another inmate named Mikael Schiold.  According to petitioner, Schiold was a California prisoner who obtained a "settlement agreement" with the State of California under which he was "transferred to" Sweden where he was to be held in

1  custody until January 1, 2007.  Petitioner complains that he is being discriminated against
2  because, unlike Schiold, petitioner is not being transferred to another country and has not been
3  given a date for his release from custody.

4     "The Equal Protection Clause of the Fourteenth Amendment commands that no State
5  shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is
6  essentially a direction that all persons similarly situated should be treated alike."  City of
7  Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S.
8  202, 216 (1982)).  The allegations in the petition establish that petitioner is not "similarly
9  situated" to Schiold, in that Schiold was granted parole by the Board and petitioner was not.
10 While petitioner states that he is a German national, there is no indication or allegation that
11 Germany or any foreign country has any interest in receiving petitioner into its custody and then
12 releasing him at any particular date, as was the case with Schiold.  Petitioner's equal protection
13 rights thus were not violated when he was not treated similarly to Schiold.

14     In his other issues, petitioner does not provide any information about other inmates who
15 have been treated differently than he was.  Furthermore, as a matter of law, all inmates
16 applying for parole are not similarly situated.  See, e.g., Bennett v. People of the State of
17 Cal., 406 F.2d 36, 38-39 (9th Cir. 1969) (denying inmate's equal protection claim that
18 other inmates were released  from prison before him, and noting "[t]he Constitution does
19 not make it legally impossible for a state, in granting or refusing parole, to make an
20 individualized judgment in each case").  Accordingly, petitioner's equal protection claims are
21 without merit.

## CONCLUSION

24     For the reasons set forth above, the petition for writ of habeas corpus is DENIED.  The
25 clerk shall close the file.

## CERTIFICATE OF APPEALABILITY

28     The federal rules governing habeas cases brought by state prisoners require a district

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.09\Scheurich764denhc.wpd    4

1  court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its
2  ruling. Petitioner has failed to make a substantial showing that his claims amounted to a denial
3  of his constitutional rights, or demonstrate that a reasonable jurist would find the denial of his
4  claims debatable or wrong. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Accordingly, a COA
5  is DENIED.

   IT IS SO ORDERED.

   Dated: 2/15/11

   */s/ Ronald M. Whyte*
   RONALD M. WHYTE
   United States District Judge